**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1631-17T3

SOLWAZI NYAHUMA,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted April 8, 2019 – Decided July 16, 2019

Before Judges Sabatino and Sumners.

On appeal from the New Jersey State Parole Board.

Solwazi Nyahuma, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Solwazi Nyahuma, who is currently incarcerated in East Jersey State Prison, appeals the New Jersey State Parole Board's (the Board) September 20, 2017 final agency decision denying him parole and imposing a 120-month Future Eligibility Term (FET). We affirm.

In March 1981, Nyahuma was convicted for the December 1986 murder of his sixty-year-old aunt and related weapons offenses. He was sentenced to a prison term of life with a mandatory-minimum prison term of thirty years.

In December 2016, Nyahuma became eligible for parole for the first time after serving approximately twenty-eight years. A parole hearing officer referred the matter to a two-member Board panel, which denied parole. In reaching its decision, the panel cited numerous reasons, including but not limited to: the nature and circumstances of the murder offense; Nyahuma's prior criminal offense of an eight-year prison term for aggravated manslaughter resulting in a 1982 parole that expired in June 1986; commission of prison disciplinary infractions, the most recent one being in 1993; lack of insight into criminal behavior and failure to sufficiently address a substance abuse problem; and the results of a confidential objective risk mental health assessment evaluation. The panel acknowledged several mitigating factors, including but not limited to: opportunities on community supervision completed without any

2

violations; favorable institutional adjustment based upon participation in institutional programs; and achievement of minimal custody status. In addition, the panel requested that a three-member Board panel establish an FET outside the twenty-seven months administrative guidelines under N.J.A.C. 10A:71-3.21(a)(1).

In February 2017, the three-member panel confirmed the denial of parole and established a 120-month FET, making March 2024 Nyahuma's parole eligibility date. The panel noted, however, that with earned work credits and minimum custody credits, his parole eligibility date would be reduced to July 2022, which is three years from now.

The panel's reasoning was set forth in a seven-page written decision that essentially relied upon the same reasons for denial and recognized the same mitigating factors as the two-member panel did in denying parole. In short, the panel remarked that Nyahuma was unable to identify the causes of his violent behavior, failed to address his drug abuse problems and has not developed an adequate insight into recognizing the issues that could cause him to recidivate.

Nyahuma appealed to the full Board, which affirmed the panels' decision for essentially the same reasons.

Before us, Nyahuma argues the following points:

POINT I

THE PAROLE BOARD'S FAILURE TO ARTICULATE REASONS FOR CONCLUDING THAT THE STATUTORY STANDARD FOR DENYING PAROLE WAS SATISFIED CONSTITUTES AN ABUSE OF DISCRETION THAT WARRANTS REVERSAL. (NOT RAISED BELOW).

POINT II

THE PAROLE BOARD FAILED TO CONSIDER THE REMOTENESS OF APPELLANT'S PRIOR VIOLENT CRIMES WHICH CONSTITUTED ARBITRARY[] AND CAPRICIOUS ACTION. (NOT RAISED BELOW).

POINT III

THE PAROLE BOARD'S FINDING THAT APPELLANT LACKED INSIGHT INTO CRIMINAL BEHAVIOR THAT OCCURRED [THIRTY] YEARS AGO APPLIES TO AN AMORPHOUS[] UNFAIR STANDARD UNRELATED TO HIS CURRENT RISK OF RECIDIVISM. (NOT RAISED BELOW).

POINT IV

THE PAROLE BOARD RENDERED AN ARBITRARY AND CAPRICIOUS DECISION IN UNFAIRLY IMPOSING A FUTURE ELIGIBILITY TERM MORE THAN FOUR TIMES THE PRESUMPTIVE LIMIT.

POINT V

THE PAROLE BOARD RENDERED AN ARBITRARY AND CAPRICIOUS DECISION IN

4

DENYING PAROLE BASED ON FACTORS IMMATERIAL IN ASSESSING CURRENT DANGEROUSNESS. (NOT RAISED BELOW).

We have considered the contentions raised by Nyahuma and conclude that they are without sufficient merit to warrant discussion in this opinion, Rule 2:11-3(e)(1)(E), and we affirm substantially for the reasons expressed by the Board in its thorough decision. We add the following remarks.

In reviewing a final decision of the Board, we consider: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998). The Board's decision to grant or deny parole turns on whether "there is a substantial likelihood the inmate will commit" another crime if released. Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7-8 (App. Div. 2000). The Board must consider the enumerated factors in N.J.A.C. 10A:71-3.11(b)(1)-(23) in making its decision. The Board, however, is not required to consider each and every factor; rather, it should consider those applicable to each case. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 561 (App. Div. 2002).

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, N.J.A.C. 10:71-3.21(d) allows a three-member panel to establish a FET outside of the administrative guidelines if the presumptive twenty-seven-month FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior."

Here, the Board's action is consistent with the applicable law, there is substantial credible evidence in the record as a whole to support its findings, and the Board reached conclusions that were based on the relevant facts. The Board made extensive findings, which we need not repeat here, demonstrating the basis for its decision to deny Nyahuma's parole. In its final decision, the Board provided multiple reasons for imposing the 120-month FET, which although lengthy, is neither arbitrary nor capricious, and may actually enable him to be released on parole in July 2022. Hence, the 120-month FET is not nearly as severe as it may first appear. On this record, we have no reason to second-guess those findings or conclusions and defer to the Board's expertise in these matters.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1631-17T3